**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

JIMMIE L. RUSHING,

    Petitioner,

v.                                            CASE NO:  5:11-CV-237-Oc-30TBS

WARDEN, FCC COLEMAN - MEDIUM,

    Respondent.
_____/

## ORDER

    THIS CAUSE comes before the Court upon Petitioner's Petition for Writ of Habeas Corpus (Dkt. #1) filed pursuant to 28 U.S.C. § 2241, Respondent's Response (Dkt. #11), and Petitioner's Reply (Dkt. #12).  Petitioner claims he was improperly sentenced as an armed career criminal (ACC) because the prior felony convictions used to enhance him were not "violent felonies" as now defined by the recent cases of *United States v. Johnson*, 130 S.Ct. 1265 (210), *United States v. Begay*, 128 S.Ct. 1581, and *United States v. Chambers*, 129 S.Ct. 687 (2009).

    Rushing's petition presents the unusual situation of one who was sentenced above the statutory maximum of ten years if he was improperly categorized as an ACC.  The ACC enhancement changed the ten year maximum to a fifteen year minimum, life maximum, offense.

Ordinarily, a defendant must proceed with a § 2255 motion when attacking a sentence, even where the motion would be successive. *Gilbert v. United States*, 640 F.3d 1293, 1311 (11th Cir.) (*en banc*). But *Gilbert* declined to determine whether the savings clause of § 2241 would allow a prisoner to seek relief under § 2241 when the sentence in question exceeded the statutory maximum. *Id.* at 1306.

Respondent's response spends much time discussing whether a § 2241 avenue is available to Rushing. But it is not necessary for the Court to address that issue since Rushing has not and cannot show that he did not qualify for an ACC enhancement. The three Supreme Court cases relied upon by Rushing concerned different crimes than those used to support his enhancement. *Johnson* held that the wording of the Florida statute of battery caused it to not meet the definition of "violent felony." *Begay* held that a New Mexico conviction of driving under the influence of alcohol did not qualify as a "violent felony." And *Chambers* held that the failure to report to a penal institution did not qualify as a "violent felony." As Respondent points out, Rushing's record includes at least eight prior convictions for crimes that still remain classified as "violent felonies" under 18 U.S.C. § 924(e)(2)(b).

When he was sentenced in 1992, Rushing had four prior convictions for robbery, three for burglary, and an aggravated assault. Robbery is a violent felony. *United States v. Wilkerson*, 286 F.3d 1324 (11th Cir. 2002). The generic crime of burglary of a dwelling or structure, like Rushing's convictions, qualifies as a violent felony. *James v. United States*, 550 U.S. 192 (2007) (attempted burglary); *United States v. Matthews*, 466 F.3d 1271 (11th

Cir. 2006) (Florida third degree burglary). And Rushing does not even dispute that an aggravated assault conviction qualifies as a violent felony.

Since Rushing is factually incorrect about not qualifying for the armed career criminal enhancement, his petition fails on the merits regardless of whether he should have brought his claim under 28 U.S.C. § 2241 or § 2255. It is therefore due to be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Petition for Writ of Habeas Corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondent and against Petitioner.

3. All pending motions are denied as moot.

4. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on December 5, 2011.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel/Parties of Record

*F:\Docs\2011\11-cv-237.Ocala Rushing.wpd*